Wilfred Daignault
vs. } Eq. No. 10202.
Joseph C. Mailloux, Jr.

March 25, 1931.

BLODGETT, P. J. Heard upon bill and answer and cross-bill filed by Joseph C. Mailloux, Jr.

The bill and cross-bill are brought to determine whether complainant or respondent has the sole right to the use of the words "Holley Spring," or "Holley Mineral Spring Water," or Holley Spring Mineral Water," in carrying on the business of selling and distributing spring water in Woonsocket and vicinity.

Daignault, the complainant, claims to have acquired the use of a certain trade name, or trade mark, viz.: "Holley Spring" by virtue of an assignment to him by Gertrude W. Jordan, dated September 7, 1929 (Compl't's Ex. C) of all the rights and interest said Jordan had in a certain trade mark filed by her April 17, 1929, in the office of the Secretary of State (Compl't's Ex. 2), and by reason of a bill of sale from said Jordan, as executrix of the will of Catherine M. Wilcox, to complainant of the goods and chattels designated as

"all bottles heretofore used by me in conducting spring water business, which are now in the possession of said Wilfred Daignault. Also all my right, title and interest in the business, including the list of customers of the business heretofore conducted by me under the name of 'Holley Spring Water.'"

(Compl't's Ex. 4.)

On May 9, 1928, said Daignault and Catherine M. Wilcox entered into an agreement (Compl't's Ex. B), the purpose of said agreement being that said Wilcox should supply him with Holley Spring Water at a certain specified rate.

On September 7, 1929, said Gertrude M. Jordan, as executrix of the will of said Catherine M. Wilcox sold to Laura A. Mailloux the land on which was located a spring of water called "Holley Spring", and on the same day said Gertrude M. Jordan sold to said Laura A. Mailloux all her interest in said land.

The trade name or trade mark referred to by complainant consists of the words "Holley Spring" enclosed in a circle.

The respondent advertises to sell "Holley Spring Mineral Water" and is engaged in like manner as is complainant in bottling and selling spring water in Woonsocket and vicinity.

Respondent has filed an answer in the nature of a cross-bill of complaint setting forth:

1. That the allegations in the first paragraph of bill of complaint are true.

2. That the allegations in second paragraph are true.

3. That the allegations in third paragraph are true.

4. The allegations in paragraph 4 are left for proof by complainant, but further respondent alleges that Holley Mineral Spring Water has been sold as such for fifty years in the community from a spring of water known as the "Holley Spring" and that said spring is upon land owned in fee simple by respondent.

5. Allegations in paragraph 5 are left open for proof by complainant.

6. Allegations of paragraph 6 are denied.

The testimony shows that on land in Woonsocket is a spring known for many years as "Holley Spring" and that water from this spring has been bottled and distributed for many years as "Holley Spring Mineral Water."

Testimony further shows that the water bottled and sold by complainant comes from another source.

Complainant claims the right to use the name "Holley" by reason of ownership of a trade mark filed in 1929.

A deed has been introduced by respondent purporting to convey to Laura A. Mailloux the land upon which the spring in question is located. (Respd't's Ex. 3.) This deed was executed September 7, 1929, by Gertrude M. Jordan, executrix of the will of Catherine M. Wilcox, said Catherine being the owner of said land during her lifetime.

This same Gertrude Jordan, as executrix aforesaid of Catherine M. Wilcox, on the same day sold to complainant the bottling business formerly carried on under the name "Holley Spring Water."

May 9, 1928, said Catherine M. Wilcox and complainant entered into an agreement under which said Catherine, owning said spring, agreed to sell to said complainant her "Holley Spring Water" for a period of five years and binds her heirs and executors under said agreement.

It was no doubt in pursuance of this agreement that her executrix, Gertrude Jordan, made the bill of sale above referred to. This bill of sale included the right and title in the business and also the list of customers. This was the same Gertrude M. Jordan who filed the trade mark "Holley Spring." The respondent Mailloux is in possession of the land upon which the spring is located and is there carrying on the business of bottling and distributing water from the "Holley Spring" as "Holley Spring Mineral Water."

Complainant is engaged in a like business save that the water sold by him under such designation does not come from the "Holley Spring."

There is no testimony that complainant ever took steps to have the agreement between himself and Catherine M. Wilcox carried out after her death, or to insist that he be furnished water from said "Holley Spring" in accordance with said agreement. He is selling water as "Holley Spring Water" which is not such, altho the agreement and the sale of the business would seem to give him the right to be furnished with genuine "Holley Spring Water;" that is, he is deceiving his customers in the belief that they are buying and drinking water supposedly coming from the "Holley Spring."

It will be noted that the trade name was applied for and issued to Gertrude Jordan individually. Gertrude is the alleged devisee of Catherine M. Wilcox and is executrix under her will. Apparently, although it does not appear upon the record, Gertrude Jordan carried on the business of selling spring water as executrix and subsequently sold the business to complainant as such executrix, and personally assigned to complainant all her rights under the trade name. The trade name was issued April 22, 1929, subsequent to the decease of Catherine Wilcox. The will of Catherine Wilcox does not appear upon the record.

There appears on record a permit from the Board of Food and Drug Commissioners of Rhode Island to the "Holley Mineral Spring Water" to manufacture and sell any carbonated and non-alcoholic beverage. This permit does not specify "Holley Spring Water."

The question then is what right Gertrude Jordan had to assume for herself the name "Holley Spring" to the exclusion of all others.

The spring had been in existence from time immemorial. The land on which the spring was located passed out of her possession in September, 1929. The spring had been known for some fifty years as the "Holley Spring."

Did she have the exclusive right to the bottling and selling?

Respondent claims a partnership arrangement with his wife under the name "Holley Mineral Spring Water Company," or "Holley Water Company," or "Holley Spring Water Company." The trade mark consists of the words "Holley Spring" enclosed in a circle with a picture of a water fall, &c., in the background.

Complainant holds out to his customers that he is bottling and selling "Holley Spring Mineral Water" and admits it is not water from the spring that for many years has been known as "Holley Spring," and claims the right to do this by reason of his purchase of a trade mark, "Holley Spring," and the business formerly carried on at said spring by Catherine M. Wilcox.

Irrespective of any right of Gertrude Jordan to appropriate to her own use a name long associated with said spring, the general rule is that a mark must be truthful and unobjectionable on the ground of being a generic term.

*Prince Mfg. Co.* vs. *Prince's Metallic Paint Co.*, 135 N. Y. 24.

Such a trade mark blown into bottles would lead a purchaser to believe he was getting water from the Holley Spring.

"Honest competition is the requirement of the chancellor, and he is just as ready to dismiss the bill of a complainant whose trade mark is calculated to deceive the public into a belief that his goods are something other than they actually are, as he is to enjoin the defendant where he has infringed an honest trade mark."

Hopkins on Trade Marks, 4th ed. Sec. 37.

See also Section 38 of same text book.

"There can be no doubt that, where the owner of a geographical site productive of a salable article is the sole owner, he may have an exclusive right in the name of his site."

*Congress' & Empire Spring Co.* vs. *High Rock Congress Spring Co.*, 4 Am. L. T. 168.

As far as appears from the record, Gertrude Jordan was not the owner at time of registration of the trade mark.

By "generic term" - - - is meant a term which may not be appropriated as a trademark because it is too general and comprehensive in its meaning to become the monopoly of an individual in application to merchandise.

Hopkins on Trade Marks, 4th ed. Sec. 46.

But we find in Sec. 66 of same work: "There can be no doubt that where the ownership of a geographical site productive of a salable article is the sole owner, he may have an exclusive right in the name of the site."

*Congress & Empire Spring Co.* vs. *High Rock Congress Spring Co.*, 4 Am. L. T. 168.

Applying the above principles to the consideration of the validity of the trade mark in question it seems doubtful if such a trade mark is of any validity as far as Gertrude W. Jordan was the owner, or that her assignment of same to complainant gives him any right to enjoin respondent from selling water from the "Holley Spring" as such.

The bill of complaint of Wilfred Daignault is denied and dismissed.

The question then arises as to whether the prayer of the cross-bill of Joseph C. Mailloux can be sustained.

Mailloux is in possession of the spring as a co-partner of the owner of the land upon which the spring is located, and is carrying on the business of bottling and selling the water from said spring as "Holley Spring Water."

In the opinion of the Court he is acting within his rights. He is not, however, protected by any trade name or trade mark.

It is plain from the record that the water from this spring has been known and sold for many years before the commencement of this litigation as Holley Spring Water by his predecessors in title.

Daignault was properly given the right to obtain water from this spring by the lawful owner thereof and to sell such as Holley Spring Water. He never has been authorized, however, and, in the opinion of the Court, could not be authorized to bottle and sell water from an entirely different source as Holley Spring Water either under the assignment of the trade mark "Holley Spring," or from the sale of the business of bottling and selling Holley Spring Water.

To this extent Mailloux is entitled to an injunction restraining Daignault from bottling and selling water obtained from any other source than the Holley Spring, so called, and from advertising the same for sale, and from using any receptacles for the sale of such other water containing in any manner the name Holley Spring.

A decree to this effect may be submitted.

For complainant: Elphege Daignault, Boss, Shepard & McMahon.

For respondent: Walling & Walling.